HENRY A. CIESLA, PLAINTIFF, v. VULCAN TOBACCO CORPORATION, DEFENDANT.

Decided March 21, 1924.

**Contracts—Opening of Judgment at Request of Defendant's Trustee in Bankruptcy—Defendant Not Represented at Trial.**

On rule to show cause why a judgment should not be opened.

For the application, *Harvey F. Carr*.

*Contra, Harold W. Bennett*.

The opinion of the court was delivered by

. KATZENBACH, J. In March, 1922, the plaintiff instituted a suit against the defendant to recover an amount claimed to be due him from the defendant for labor performed, build-

ing materials furnished and salary and commissions earned while in the employ of the defendant. The defendant filed an answer denying that any money was due the plaintiff, and setting up that the defendant had paid the plaintiff in full for all work done and materials furnished the defendant by the plaintiff. The defendant also filed a counter-claim demanding payment of the value of tobacco, cigars, cigarettes and other merchandise alleged to have been appropriated by the plaintiff.

The case was placed upon the trial list at the April term, 1922, of the Camden Circuit. On April 16th, 1923, the plaintiff recovered a judgment for the sum of $1,639.47 damages and costs. No attorney appeared for the defendant at the trial. On May 28th, 1923, the defendant was adjudged a bankrupt by the District Court of the United States for the district of New Jersey. On September 28th, 1923, Mr. Walter R. Carroll, of Camden, was appointed a trustee in bankruptcy proceedings, and has duly qualified. Mr. Carroll has presented his petition asking that the judgment be opened. It appears that a dividend of probably seventy-five per cent. will be paid by the trustee to the creditors of the defendant corporation. While the judgment of the plaintiff is not a preferred claim, having been recovered within four months of the institution of the bankruptcy proceedings, yet if the judgment is not opened the trustee will be obliged to pay to the defendant a dividend upon the amount of the judgment.

Upon presentation of the petition a rule to show cause was allowed and leave given to both parties to take affidavits. Affidavits have been taken. I have examined them. From them it seems to me that it is at least a debatable question as to whether the amount claimed by the plaintiff is owing him. The defendant holds a number of receipts, signed by the plaintiff, which would cover a very considerable portion of the plaintiff's claim. The plaintiff contends that these receipts were signed by him, but that he never received from the corporation the amount mentioned therein. This presents a question of fact for the determination of a jury.

16

The testimony also reveals the circumstances by which the defendant was not represented at the trial. At the time of the trial the defendant was in dire financial straits. Its most material witness, its president, was not available as a witness. The officers of the company had apparently abandoned its service. The creditors were really the parties in interest. In view of these facts, I have concluded that it is a proper case to allow the judgment to be opened. I will sign an order opening the judgment and permit the case to be placed upon the list for trial at the next term of the Camden Circuit.

The plaintiff was justified in taking judgment. The trustee, who will probably be substituted as the defendant in the action, must pay to the plaintiff the costs incurred in entering judgment, and the costs incurred by the plaintiff on this application.